**The People of the State of Illinois, Plaintiff-Appellee, v. Ronnie Roberts, Impleaded, Defendant-Appellant.**

Gen. No. 10,973.

Fourth District.

November 12, 1968.

Rehearing denied December 12, 1968.

Epler C. Mills, of Virginia, for appellant.

Walter F. Farrand, State's Attorney of Cass County, of Virginia, for appellee.

SMITH, P. J.

The defendant pleaded guilty to a charge of aggravated battery, probation was denied, hearing in mitigation and aggravation was conducted, and the defendant sentenced to the penitentiary for a period of 3–10 years. The sole issue in this case is whether the trial judge abused his judicial discretion in denying a motion for leave to withdraw the plea of guilty after the report of the probation

officer recommended that probation be denied. Defendant has been well represented, both in the trial court by one court-appointed counsel and in this court by another. He was advised of his right to appeal, the clerk was directed to prepare the notice, and present counsel was appointed to represent him. The record further shows that the rights of the defendant were carefully and meticulously protected throughout the proceedings by both the trial court and by both counsel. Defendant's motion to change his plea asserted only that at the time it was entered, he was "scared and nervous" and "did not understand his rights."

The action of the trial court must be tested by People v. Walston, 38 Ill2d 39, 230 NE2d 233. In that case previously appointed counsel withdrew and a second attorney was appointed. The defendant there stated that he was innocent and that his plea of guilty was based on the belief that he would be placed on probation. His former attorney sought leave to testify on this issue and it was denied. The Supreme Court reversed and remanded the case for a determination as to whether or not a misunderstanding or misrepresentation prompted the plea of guilty and directed the trial court to conduct a hearing to determine that issue. It is there stated that permission to withdraw a plea of guilty is within the sound judicial discretion of the trial court and should always be exercised in favor of innocence. It should be so exercised where the plea of guilty was entered on a misapprehension of the facts or of the law, or because of misrepresentation by counsel or the State's Attorney or someone else in authority, or where there is doubt of the guilt of the accused, or where he has a defense worthy of jury consideration or where the ends of justice would be better served by submitting the cause to a jury. On the other hand, where an accused has been fully informed of and well knows his rights and the con-

sequences of his acts, but hopes and believes that he will receive a shorter sentence or milder punishment by pleading guilty than he would upon a trial and conviction by a jury, no grounds are presented for permitting the withdrawal of the plea when he finds that his expectations have not been realized. People v. Morreale, 412 Ill 528, 107 NE2d 721; People v. Grabowski, 12 Ill2d 462, 147 NE2d 49; People v. Temple, 2 Ill2d 266, 118 NE2d 271. The posture of the defendant in this case fits into none of the standards suggested in Walston.

Defendant was keeping company with an ex-wife of one of the victims. On the night before the event, he was asleep in the back end of a car and some of the victims, with others helping, beat him up rather severely. The next day he and one Hankins obtained some shotguns stated to be for hunting squirrels and returned to Beardstown with the ex-wife. They saw one of the victims on the street and followed him in the car. When they reached the scene, the two victims were cleaning fish and had knives. An interchange of words took place, defendant got out of the car and one of the victims approached him with a knife in his hand. The defendant fired two shots after the victim had stopped and was 20–25 feet away, and his friend Hankins fired another and some of the pellets lodged in the victim's leg. On a probation hearing, the defendant testified that he was afraid of the victim and had seen the victim knife another party on another occasion and hence he fired in self-defense. Defendant was 25 years of age, and beginning in 1961 had had considerable experience with the law. In 1961, he was sentenced for 6 months to Vandalia for larceny and transferred to Joliet. In 1962, he was sentenced to Vandalia for 90 days for larceny and transferred to Menard. In 1962, he was sentenced to one year at Vandalia for disorderly conduct and was transferred to Menard. In 1964, he was sentenced to Vandalia for one year for resisting a peace

officer. In 1966, he was admitted to probation for theft. Again in 1966, he was sentenced to Vandalia for 90 days for resisting a peace officer and for criminal damage to property and transferred to Joliet. In 1967, he was sentenced to the county jail for 60 days for battery and admitted to probation for one year. The contents of the probation order, together with the testimony of the witnesses on the probation hearing, were stipulated as evidence on the hearing in mitigation and aggravation. In addition, the trial court conducted an extensive investigation into the defendant's family history, etc. He testified on the last charge that he made no reports to the probation officer because he considered the 60 days in jail sufficient punishment for the crime with which he was charged. The evidence clearly discloses that the defendant, Hankins and the ex-wife of the victim were touring around and resumed the confrontation with the victims notwithstanding the previous night's difficulty and altercations between them. His guilt seems conclusive.

The court's interrogation of the defendant during the proceeding and his answers clearly indicate the defendant thoroughly understood his rights. While not in any sense conclusive, he was not a stranger to court proceedings. He may well have been scared and nervous. On this record we fail to see where permission to withdraw the plea of guilty is necessary to correct an injustice either substantial or otherwise. Neither the conduct of the hearing, the representations of counsel nor the result offend any proper concepts of simple justice. Accordingly, the judgment of the trial court is affirmed.

Affirmed.

TRAPP and CRAVEN, JJ., concur.