THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee *v.* JERRY E. OLDEN, Defendant-Appellant.

(No. 11273;

Fourth District—February 2, 1971.

Robert J. Waaler, of Champaign, for appellant.

Frank W. Lincoln, State's Attorney, of Tuscola, for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant was convicted, upon his plea of guilty, in the Circuit Court of Douglas County on certain misdemeanor charges and was sentenced to 60 days in jail. After sentencing he filed a motion to withdraw his plea of guilty and for a trial on the merits, which motion was denied, and this appeal follows. We affirm.

The defendant was arrested in October of 1969, and charged with the illegal transportation of alcoholic liquor and the sale, gift or delivery of alcoholic liquor to a minor. At an arraignment on October 28, 1969, the defendant was advised of his right to be represented by counsel and admonished as to the possible penalties as well as to his right to a jury trial. The defendant signed and filed written waiver of his right to a jury trial and to be represented by counsel. Prior to the acceptance of the plea of guilty, the trial court interrogated the defendant as to the reasons for his plea of guilty, and the substance of that interrogation, so far as the defendant was concerned, was that he was pleading guilty because he was guilty. The defendant was aged 23 years.

On November 10, 1969, at a time when the defendant was still not represented by counsel, the trial court conducted a hearing in aggravation and mitigation and imposed the sentence. Three days thereafter the motion to vacate was filed, and after a hearing thereon the motion was denied.

Upon the filing of a motion to withdraw a plea of guilty, the defendant has the burden to establish in some manner a misunderstanding or misrepresentation, or in some way that the ends of justice require that the plea of guilty be withdrawn. (*People v. Walston* (1967), 38 Ill.2d 39, 230 N.E.2d 233. In *People v. Roberts* (4th Dist. 1968), 101 Ill.App.2d 86, 242 N.E.2d 15, we reviewed the rules that test the validity of the trial court's action on a motion to withdraw a plea of guilty. In this case, as in *Roberts,* we find nothing in the record that indicates or even suggests the defendant did not thoroughly understand his rights—we find nothing that could constitute a misapprehension or a misrepresentation —but, on the contrary, we find a thorough admonition and explanation to the defendant of his rights. A motion to withdraw a plea of guilty is addressed to the discretion of the trial court. This court cannot upset

the ruling of that court absent a showing of an abuse of discretion. This record establishes no such abuse.

Upon this record, we must observe that there could not reasonably be a misapprehension or misrepresentation but rather the record gives a strong indication that the defendant had a misplaced hope of lesser punishment and that upon his failure to receive a lighter punishment he sought to withdraw the plea. The judgment of the Circuit Court of Douglas County is affirmed.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.