THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES I. HOLMES, Defendant-Appellant.

(No. 11741;

Fourth District—May 31, 1973.

John F. McNichols, of Defender Project, of Springfield, (Bruce L. Herr, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, (Scott B. Diamond, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant was convicted upon his plea of guilty to armed robbery. Sentence of eight to twenty years was imposed. He appeals.

Upon January 31, 1969, the date of the offense, defendant was 17 years of age. It is urged that the Juvenile Court Act (Ill. Rev. Stat. 1969, ch. 37, par. 702—2) is unconstitutional, and that the cause must be reversed

for the reason that defendant was prosecuted as an adult rather than as a juvenile.

In *People v. Ellis*, 10 Ill.App.3d 216, 293 N.E.2d 189, this Court held that the Juvenile Court Act was unconstitutional as to those offenses committed after July 1, 1971, the effective date of the Constitution of 1970, and before the effective date of the Act of Corrections, January 1, 1973. (See *People v. Lockett* (1973), 11 Ill.App.3d 391.) Upon the date of this offense, such issue is controlled by *People v. Pardo*, 47 Ill.2d 420, 265 N.E.2d 656.

It is also contended that the court erred in "refusing defendant's request to withdraw his plea of guilty". It is noted that the proposition is not framed in the context of a refusal to consider a motion to withdraw his plea or to rule on such motion.

Defendant was arraigned on February 7, 1969. On March 19th, defendant appeared in open court with counsel and upon admonition waived trial by jury. On April 14th, his trial date, defendant through his counsel asked to withdraw his plea of not guilty. No issues are raised upon the taking of the plea. A petition for probation was filed and upon counsel's request, defendant was released on his own recognizance. He did not appear at his probation hearing on April 24, 1969, and a bench warrant issued. More than two years later, defendant was returned to the court on a writ of *habeas corpus* directed to the Illinois State Penitentiary where defendant was serving a sentence upon a conviction for murder.

Pursuant to the writ of *habeas corpus*, defendant was brought before the court who advised defendant that the petition for probation was pending and asked whether or not he was represented. The defendant said:

"Excuse me. At the time I was a minor when I entered that plea of guilty. I would like to withdraw that plea and be represented by counsel."

The court indicated that the matter of probation was pending and again asked if defendant had a lawyer. In response to the court's suggestion of appointing the public defender, the defendant objected, saying:

"I feel there would be a plot and conspiracy to get a conviction on this charge."

The court noted that defendant then stood convicted of the charge. The latter responded:

"I'm withdrawing the plea. It's not a conviction. I entered a plea on the full recommendation of my counsel."

The court did not respond, but proceeded with the appointment of counsel.

After the appointment of counsel no motion was made and no sugges-

tion appears concerning the withdrawal of the plea. Hearing on the pending petition for probation was held on September 24, 1971. Upon denial of the petition for probation, evidence in aggravation and mitigation was waived by the parties. In arguing the disposition, the State's Attorney recommended a sentence of 10 to 20 years to run with the concurrent murder sentence. Defendant's counsel recommended a 5 to 10 year sentence.

■■ The granting or denial of a motion to withdraw a plea of guilty is a matter for the exercise of judicial discretion. It is properly allowed upon a showing of a misapprehension of the facts or of the law, of any misrepresentation by a person having apparent authority, or where there is a reasonable doubt of guilt or a defense worthy of consideration. *People v. McKirdie,* 45 Ill.2d 300, 259 N.E.2d 16, *People v. Morreale,* 412 Ill. 528, 107 N.E.2d 721.

■■■ It is argued that the court did not "entertain" the "request" to withdraw the plea. At that time defendant did not have counsel to represent him. The withdrawal of a plea. is a critical stage, and should be made and disposed of by orderly proceedings. Defendant has the burden of establishing the basis in fact for the exercise of judicial discretion. *People v. Olden,* 130 Ill.App.2d 773, 266 N.E.2d 404, *People v. Walston,* 38 Ill.2d 39, 230 N.E.2d 233.

■■ Upon the occasion at issue, the demands of the defendant made before the court did not state grounds which suggested a basis for the withdrawal of a plea. Depending upon the ultimate outcome of the case, any action of the court denying or granting the so-called "request" would support a claim that defendant was without counsel at a critical point of the proceedings.

■■ No complaint has been made of the competency of counsel. Upon this record, it is patently incorrect to argue that there was no opportunity to present evidence upon the issue of whether the court should permit the withdrawal of the plea of guilty.

■■ The fact that upon defendant's return to the court for completion of the pending proceedings, his expectations for the granting of probation were minimal is not a sufficient basis for a motion to withdraw a plea of guilty upon which conviction has been entered. *People v. Roberts,* 101 Ill.App.2d 86, 242 N.E.2d 15.

The judgment of the circuit court is affirmed.

Affirmed.

CRAVEN, P. J., and SMITH, J., concur.