(No. 32250.—

The People of the State of Illinois, Defendant in Error, vs. Leo P. Morreale, Plaintiff in Error.

*Opinion filed May 22, 1952—Rehearing denied September 15, 1952.*

CHARLES A. BELLOWS, of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and WILLIAM J. McGAH, JR., all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE DAILY delivered the opinion of court:

An indictment returned in the criminal court of Cook County on June 17, 1950, charged Leo Morreale, plaintiff in error, with the infamous crime against nature upon the person of an adult female. Upon arraignment, several weeks later, he entered a plea of not guilty, being represented at such proceeding by attorney George Crane. Under circumstances which shall be fully detailed, plaintiff in error withdrew his plea of not guilty on May 17, 1951, entered a plea of guilty and requested probation. His plea was accepted and, after a hearing, probation was denied and plaintiff in error was sentenced to the penitentiary for a term of not less than five years and not more than ten years. Through new counsel, plaintiff in error petitioned the court to vacate the judgment and sentence and to permit him to withdraw his plea of guilty and enter a plea of not guilty. Following a detailed hearing the petition was denied and, now, plaintiff in error has sued out this writ of error contending that it was error to refuse permission to change his plea to not guilty.

Recourse to the record shows that when the cause was called for trial on May 17, 1951, attorney Berman, a youthful associate of Crane, appeared and asked for a continuance because Crane was engaged in the trial of another case. At the time, an assistant State's Attorney, who was conducting the prosecution, advised the court that the matter could be disposed of quickly and asked that the case be passed, rather than continued, to enable him to talk to Crane, plaintiff in error's counsel. The court granted a recess during which said assistant State's Attorney and Berman contacted Crane in another courtroom and Crane was asked if he could appear and dispose of the case of his client Morreale. When Crane indicated that it would not then be possible, the assistant State's Attorney urged that Berman be allowed to appear with Morreale and · to change the latter's plea from not guilty to guilty. The assistant State's Attorney stated that the State would not oppose probation and that plaintiff in error "couldn't get hurt" because he had no previous record. Crane acquiesced and instructed Berman to follow the suggested procedure. Berman, in turn, advised plaintiff in error to change his plea to guilty and that he would probably get probation. When plaintiff in error expressed doubts about following such course, he was taken to Crane in the other courtroom who told him not to "worry about anything; plead guilty and you will get probation." Thereupon Berman and plaintiff in error returned to the courtroom of the trial judge and moved to withdraw the plea of not guilty and to enter a plea of guilty. The court questioned plaintiff in error as to whether such action was his wish and duly admonished him as to the consequences of entering such a plea. When plaintiff in error persisted, the court granted the motion.

After hearing the testimony of the complaining witness and stipulations as to what a companion of the prosecutrix and an examining physician would testify to, the court found plaintiff in error guilty, ordered that the application

for probation be investigated, and continued the cause to May 29, 1951. At the hearing on the latter date, the People did not oppose the application for probation and Crane was present and argued in behalf of his client. Plaintiff in error testified as to his past relationship with the prosecutrix and to the events and circumstances surrounding the night of the crime charged in the indictment. Following this the court denied probation and entered sentence as above described.

In his subsequent petition to vacate the judgment and sentence, and in his testimony at the hearing thereon, plaintiff in error denied that he had committed the crime charged and stated that he had changed his plea only because Crane and Berman had advised him that it would be the best course to follow and that he would get probation. He also indicated that he knew that Crane and Berman had conferred with the assistant State's Attorney before advising him to change his plea. The two attorneys also testified in plaintiff in error's behalf and told of their conversations with the assistant State's Attorney. After the introduction of numerous affidavits and considerable evidence attesting to the good reputation of plaintiff in error for chastity and morals and to the bad reputation of the complaining witness for truth and veracity, the court denied the petition. Its action is assigned as error in this court.

Permission to withdraw a plea of guilty and enter a plea of not guilty is a matter within the discretion of the court, yet it is a judicial discretion which should always be exercised in favor of innocence and liberty and in the light of the preference that is shown by law for a trial upon the merits by a jury. Where it appears that the plea of guilty was entered on a misapprehension of the facts or of the law, or in consequence of misrepresentations by counsel or the State's Attorney or someone else in authority, or the case is one where there is doubt of the guilt of the accused, or where the accused has a defense

worthy of consideration by a jury, or where the ends of justice will be better served by submitting the case to a jury, the court should permit the withdrawal of the plea of guilty and allow the accused to plead not guilty. (*People v. Hancasky,* 410 Ill. 148; *People v. Jameson,* 387 Ill. 367; *People v. Adams,* 379 Ill. 323.) In the application of the foregoing rule we have held that the least influence or surprise causing a defendant to plead guilty, when he has any defense at all, should be sufficient cause to permit a change of the plea from guilty to not guilty. Further, we have held that the withdrawal of the plea of guilty should not be denied where it is evident that the ends of justice will be served by permitting the plea of not guilty in its stead. (*People v. Schraeberg,* 340 Ill. 620; *People v. Kurant,* 331 Ill. 470.) The mere fact, on the other hand, that an accused knowing his rights and the consequences of his act, hopes and believes that he will receive a shorter sentence or milder punishment by pleading guilty than he would upon a trial and conviction by a jury, presents no ground for permitting the withdrawal of the plea after he finds that his expectation has not been realized. *People v. Hancasky,* 410 Ill. 148; *People v. Ensor,* 319 Ill. 255; *People v. Kleist,* 311 Ill. 179.

There are several circumstances, peculiar to the record before us in this cause, which lead us to believe that the ends of justice will be better served by permitting plaintiff in error to change his plea and submit the matter of his guilt to a jury. The circumstances surrounding the withdrawal of the plea of not guilty to which plaintiff in error had adhered many months, and the substitution of the plea of guilty, are not compatible with the concept of studied and orderly procedure. The hurried consultations between the accused's counsel, the prosecutor, the substitute attorney and the accused himself, which were accomplished during a recess of court by passing back and forth between two courtrooms, could not but help to engender confusion and

misapprehension in plaintiff in error. The pressure exerted by the prosecutor for the instant disposal of the charge and its subsequent result of denying to plaintiff in error representation by the actual counsel of his choice are other factors which lend an unsatisfactory tone to the record. While plaintiff in error's counsel and the prosecutor are deemed to know that the latter's recommendations as to probation are not binding upon the court, this court has held that where an accused is led to change his plea of not guilty on the representation that the State's Attorney would not object to probation, such a representation is a factor to be considered in determining whether he should subsequently be allowed to withdraw his plea of guilty. (*People* v. *Adams,* 379 Ill. 323.) The facts in the present case appear to be even stronger than in the *Adams case.* Here, it was the prosecutor who sought out the accused's counsel and suggested the plea of guilty and an application for probation, and plaintiff in error, after having seen his counsel and the prosecutor in consultation, was advised that if he pleaded guilty he would not "get hurt" and would get probation. It should be repeated that the haste and manner in which the arrangements were made is the dominating factor in creating a belief that plaintiff in error was induced to change his plea while confused and in a state of misapprehension. When all the circumstances are considered, particularly the fact that the prosecutor was the moving party in suggesting that no harm would come to plaintiff in error if he pleaded guilty, it is difficult to say that his act was a knowing and studied attempt to throw himself on the mercy of the court in a hope for milder punishment.

While it is true that the trial court fully and properly admonished plaintiff in error of the consequences of his plea, we are of the opinion, under the facts of this case, that it did not have the effect of obliterating from his mind that the previous representations made to him would

avail. Both the court and the plaintiff in error were entitled to have the admonition not follow so closely on the heels of the haste, confusion and influence discussed above which led to the guilty plea. We are unable to believe that the misapprehension created did not carry over to the time of the court's cautionary explanation of the consequences and penalties of pleading guilty and serve to at least partially negate the purpose and effectiveness of the admonition. Although recitals of a record may indicate that a defendant is duly informed and admonished as to the effect of his plea of guilty, where it appears that he has pleaded guilty under a well-founded misapprehension of the law, or where the ends of justice will best be served by permitting the plea of guilty to be changed, the court, in the exercise of discretion, should grant the request. *People* v. *Jameson,* 387 Ill. 367.

While we refrain from any comment as to the plaintiff in error's guilt or innocence of the charge, the fact that he may be found guilty on a trial is not of itself a sufficient reason to deny him the right, upon a proper showing, to withdraw his plea of guilty and to enter a plea of not guilty. (*People* v. *Carzoli,* 340 Ill. 587; *People* v. *Moore,* 342 Ill. 316.) Under the facts of this record, we are convinced that there is strongly presented a case where the ends of justice will be better served by permitting plaintiff in error to change his plea and submit the matter of his guilt to a jury. We are of the opinion, therefore, that the trial court erred in denying his motion to withdraw his plea of guilty and enter a plea of not guilty.

The judgment of the criminal court of Cook County is reversed and the cause remanded with directions to sustain plaintiff in error's motion to withdraw his plea of guilty and to enter a plea of not guilty.

*Reversed and remanded, with directions.*