(No. 40067.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* GARLAND WALSTON, Appellant.

*Opinion filed September 29, 1967.*

40

KLUCZYNSKI and WARD, JJ., took no part.

GERALD W. GETTY, Public Defender, of Chicago, (FRED W. COHN and JAMES J. DOHERTY, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JOEL M. FLAUN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant, Garland Walston, pleaded guilty in the circuit court of Cook County to a charge of armed robbery and was sentenced to 3-10 years imprisonment. He appealed to the First District Appellate Court, alleging that the trial court erred in refusing to allow him to withdraw his plea. The appellate court rejected this contention (71 Ill. App. 2d 407), and we granted leave to appeal.

Defendant originally pleaded not guilty. His motion to suppress evidence was subsequently denied on June 30, 1964, and he then informed the trial court that he wished to change his plea. The court advised him that by pleading guilty he waived jury trial and that following such a plea

he "could be sentenced to the penitentiary for any number of years not less than one year." When defendant persisted, the court accepted the guilty plea; defendant then moved for probation and an investigation by the probation department was ordered.

A hearing in aggravation and mitigation was held on July 27. Sheldon Singer, an assistant public defender, appeared for defendant and advised the court that he understood that John Branion, another assistant public defender, was preparing a motion and that he (Singer) would like to withdraw from the case and let Branion represent defendant. He asked that the hearing be postponed to allow this motion to be presented. The court denied this request apparently because the State had witnesses present who had left work and traveled some distance, saying: "any motions which might have application at this moment will have a similar application later." Defendant's past record was then disclosed to the court, after which Singer renewed his prior application for probation. When the prosecutor strenuously objected to this application and instead recommended imprisonment for 8-12 years, defendant, himself, asked to be allowed to withdraw his guilty plea "because I have a witness to prove that I didn't have anything to do with it. The only reason I pled guilty was because I thought I would be placed on probation." The court thereupon denied probation and imposed sentence, setting defendant's motion to vacate his plea for hearing on July 29.

On the 29th, assistant public defender Branion filed a written motion in accordance with defendant's oral motion. Defendant's affidavit was attached to this motion, and in it he stated he was innocent and asserted that he pleaded guilty to a crime which he did not commit because he believed that he would be placed on probation and that the only way he could be released was to plead guilty. After the trial court indicated that he was going to deny the motion, Sheldon Singer sought leave to testify regarding it. Branion there-

upon interjected that defendant had not accused anyone of anything in his affidavit, and the court said that he saw no reason for Singer's testimony and denied the motion.

The standard is well established by which appellate tribunals of this State review the denial by a trial court of a motion to withdraw a guilty plea.

"Permission to withdraw a plea of guilty and enter a plea of not guilty is a matter within the discretion of the [trial] court, yet it is a judicial discretion which should always be exercised in favor of innocence * * *. Where it appears that the plea of guilty was entered on a misapprehension of the facts or of the law, or in consequence of misrepresentations by counsel or the State's Attorney or someone else in authority, or the case is one where there is doubt of the guilt of the accused, or where the accused has a defense worthy of consideration by a jury, or where the ends of justice will be better served by submitting the case to a jury, the court should permit the withdrawal of the plea of guilty and allow the accused to plead not guilty. * * * The mere fact, on the other hand, that an accused knowing his rights and the consequences of his act, hopes and believes that he will receive a shorter sentence or milder punishment by pleading guilty than he would upon a trial and conviction by a jury, presents no ground for permitting the withdrawal of the plea after he finds that his expectation has not been realized." *People* v. *Morreale*, 412 Ill. 528, 531-2; see also *People* v. *Grabowski*, 12 Ill.2d 462, 467-8; *People* v. *Temple*, 2 Ill.2d 266, 275-6.

The Advisory Committee on the Criminal Trial of the American Bar Association Project on Minimum Standards for Criminal Justice has recently formulated proposed standards concerning withdrawal of pleas of guilty. They are found in Standards Relating to Pleas of Guilty (Tentative Draft) published in February of this year by the Institute of Judicial Administration. While somewhat similar to our own case law, quoted earlier herein, they are worthy

of note here. Section 2.1 of Part II (Tentative Draft) relates to plea withdrawal. Subsection (a) provides:

"2.1 Plea withdrawal.

(a) The court should allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.

(i) A motion for withdrawal is timely if made with due diligence, considering the nature of the allegations therein, and is not necessarily barred because made subsequent to judgment or sentence.

(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:

(1) he was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;

(2) the plea was not entered or ratified by the defendant or a person authorized to so act in his behalf;

(3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed; or

(4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement.

(iii) The defendant may move for withdrawal of his plea without alleging that he is innocent of the charge to which the plea has been entered.

(b) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason

unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

It is apparent from the language of 2.1(b) and the commentary thereon that these suggested standards do not propose that a defendant shall have a *right* to withdrawal of a prior plea of guilty in the absence of a showing that withdrawal is necessary to correct a manifest injustice, but, as does our present rule, leave the matter to the sound discretion of the trial judge.

We do not believe that a statement of innocence, accompanied by a motion to withdraw a plea of guilty by a defendant theretofore adequately informed of the nature of the charge to which he was admitting guilt and adequately admonished as to the possible consequences of such plea, is sufficient of itself to require allowance of such motion. The State argues that such is the situation here and that this case merely presents an instance of unrealized expectation correctly disposed of by the appellate court. While it may well be that defendant's desire to withdraw his guilty plea arose solely from his realization that disclosure of his prior record and the State's objection to probation foreclosed any possibility thereof, this is not the only possible interpretation. Defendant did state that he pleaded guilty only because he believed he would receive probation and that this was the only way he would be released. The difficulty lies in the fact that, while not articulated in the trial court motions, defendant's plea of guilty could have resulted from some misunderstanding by counsel or defendant. A showing of such misunderstanding or misrepresentation is normally the obligation of the defendant seeking to withdraw a guilty plea before a trial court will be said to have abused its discretion in refusing to permit such withdrawal, but in the circumstances of this case we believe the trial court's refusal to hear Singer's testimony constituted error, for that testimony presumably would have eliminated the prevailing uncertainty.

The decision of the Appellate Court, First District, is reversed and the cause is therefore remanded for a hearing to determine whether the defendant entered his plea of guilty because of any misunderstanding by defendant or misrepresentation by counsel. If such is found to have been the case, the guilty plea may be withdrawn and a new trial held; otherwise the court will enter a new judgment of conviction.

*Cause remanded, with directions.*

KLUCZYNSKI and WARD, JJ., took no part in the consideration or decision of this case.