(No. 41786.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* DONALD McKIRDIE *et al.,* Appellants.

*Opinion filed May 20, 1970.*

Ward, J., took no part.

Sam Adam, Edward M. Genson, and Santo J. Volpe, all of Chicago, for appellants.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Elmer C. Kissane and Anthony M. Montemurro, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Culbertson delivered the opinion of the court:

Defendants, Ralph Vesecky, Donald McKirdie, and Lawrence Donahue, represented by counsel of their choice, pleaded guilty in the circuit court of Cook County to a charge of criminal damage to property of Earl Fox, and were sentenced, respectively, to terms of 120, 90 and 30 days at the Illinois State Farm. Five days later, represented by new counsel, they filed a motion (later amended) to withdraw their pleas of guilty. This motion was denied, without a hearing, and the principal issue presented by this appeal is whether the trial court acted properly in so doing.

No grounds were stated in the motion but to it was appended an affidavit of each of the accused, and an affidavit of John Keefe, the counsel who had represented them when the guilty pleas were entered. The latter affidavit,

so far as pertinent, averred the following: "That at the pre-trial conference, defense counsel, John Keefe, understood that it was agreed that if defendants did plead guilty to the charge of criminal damage to property, they would be sentenced to terms of probation; That in reliance on the aforesaid, John Keefe informed the defendants   *   *   * [that] if they would plead guilty to the charge of criminal damage to property, they would be sentenced to terms of probation and be given a fine   *   *   *." Consistently, the affidavits of each of the accused set forth that they were informed by Keefe after the pretrial conference that they would be placed on probation, and that in reliance thereon they entered their pleas of guilty. A fourth affidavit, executed by the court reporter assigned to the case, established by inference that a record was not made of the pretrial conference. The People, who tend to ignore the averments of the Keefe affidavit, contend there is nothing in the record to support the claim that defendants were promised probation, and interpret the record as showing that the pleas of guilty to the charge of criminal damage to property were entered as the result of an agreement to drop other charges pending against defendants.

The law governing motions for leave to withdraw pleas of guilty in criminal prosecutions is well settled, and has been succinctly stated in *People* v. *Morreale,* 412 Ill. 528, at 531-532, as follows: "Permission to withdraw a plea of guilty and enter a plea of not guilty is a matter within the discretion of the court, yet it is a judicial discretion which should always be exercised in favor of innocence and liberty and in the light of the preference that is shown by law for a trial upon the merits by a jury. Where it appears that the plea of guilty was entered on a misapprehension of the facts or of the law, or in consequence of misrepresentations by counsel or the State's Attorney or someone else in authority, or the case is one where there is doubt of the guilt of the accused, or where the accused has a defense worthy of con-

sideration by a jury, or where the ends of justice will be better served by submitting the case to a jury, the court should permit the withdrawal of the plea of guilty and allow the accused to plead not guilty. [Citations.] In the application of the foregoing rule we have held that the least influence or surprise causing a defendant to plead guilty, when he has any defense at all, should be sufficient cause to permit a change of the plea from guilty to not guilty."

Measuring the record in the instant case by these principles, it is our opinion that, in the absence of a report of proceedings preserving what transpired at the pretrial conference, a proper exercise of discretion required the trial court to conduct a hearing on the motion of defendants, rather than to summarily deny it. If, as the affidavit of counsel suggests, the pleas of guilty were induced by the unfulfilled agreement of someone in authority that probation would be granted, it is manifest, apart from considerations of a denial of due process, that justice will best be served by allowing the pleas to be withdrawn. On the other hand, if no agreement for probation was in fact made and the pleas of not guilty were withdrawn in return for the dropping of other charges, as the People contend, a proper exercise of discretion would require the denial of defendants' motion. As the matter comes to us a factual issue is presented which cannot be determined without a hearing on defendants' motion, and is one which this court, as a court of review, cannot decide in the first instance. Accordingly, the cause will be remanded for such purpose.

Defendants also contend that the trial court erred and deprived them of their constitutional rights against unreasonable search and seizure by denying their pretrial motion to suppress evidence, namely an American flag which was the subject of the charges against them and which had been taken from McKirdie's apartment by the police. The People contend, and rightly so, that any issue as to the validity of the manner in which such evidence had been

acquired was waived by the subsequent pleas of guilty, (see: *People* v. *Dennis*, 34 Ill.2d 219; *People* v. *Deweese*, 27 Ill.2d 332;) however, in view of the possibility on remand that defendants may be permitted to withdraw their guilty pleas and thus be afforded a new trial, we believe it incumbent upon us to decide the issue on its merits. In the latter regard, there is credible evidence in the record from which the trial court could conclude that the police had been voluntarily admitted to the apartment by McKirdie's wife after having identified themselves, and that, upon entry, the flag was in plain view, thus dispelling any claim of an unreasonable search. (See: *People* v. *Tate*, 38 Ill.2d 184, 187; *People* v. *Davis*, 33 Ill.2d 134, 138.) Defendants do not contend to the contrary, but insist that the seizure of the evidence was unreasonable on the ground that there was no probable cause for their arrest.

Evidence given at the hearing on the motion to suppress disclosed that on April 13, 1968, about 10:30 P.M., Officer Raymond Fessler of the Blue Island police force, who was on duty, was approached by a city alderman. The latter reported that he had seen three men dragging an American flag down nearby streets, that he had followed them and that he had seen them enter a second floor apartment in a building on Vincennes Avenue. The apartment building, it appears, had a stairway which connected with open balconies on each floor, and entrance to each of the apartments, which had no rear doors, was from such balconies. Fessler used his radio to summon another officer, Robert Frodin, and the two then went to the building and walked to the balcony outside the apartment described by the alderman. Looking through a front window, they saw an American flag lying on the floor beside a couch. According to the officers, shoes and beer cans were piled on the flag and persons sitting on the couch had their feet on it. It is undisputed that some ten adults, including defendants, were in the apartment at the time. The officers were then admitted to the apartment,

where they took custody of the flag and informed those present that they were under arrest. On these facts we are in accord with the finding of the trial court that the officers had reasonable grounds for believing that a crime had been committed, and that the defendants had committed it. (See: *People* v. *Jones,* 31 Ill.2d 42, 46-47, and decisions there discussed.) The arrest being lawful, the seizure of the flag in plain view was also lawful. *People* v. *Elmore,* 28 Ill.2d 263.

Accordingly, and for the reasons stated, the judgment of the circuit court of Cook County is reversed and the cause is remanded for a hearing on the motion of defendants to withdraw their guilty pleas. Should it be determined that there was an agreement that the punishment would be probation and fines in return for the guilty pleas, the motion shall be granted and defendants tried anew; should it be determined that no such agreement was made, new judgments of conviction will be entered.

*Reversed and remanded, with directions.*

Mr. Justice Ward took no part in the consideration or decision of this case.