(No. 43005.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOHN J. JOYNT III, Appellant.

*Opinion filed September 29, 1970.*

DONALD G. BAIRD, of Decatur, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and BASIL G. GREANIAS, State's Attorney, of Decatur, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE BURT delivered the opinion of the court:

Defendant, John J. Joynt III, pleaded guilty in the circuit court of Macon County to a charge of armed robbery on December 20, 1968, and on December 23, 1968, he was sentenced to serve a term of 2 to 15 years in the penitentiary. He had filed and withdrawn an application for probation.

On February 24, 1969, defendant filed a document entitled "Petition for New Trial" and asked for appointment of an attorney. The court treated the petition as a post-conviction petition, counsel was appointed, and an amended petition was then filed on October 29, 1969. This petition was dismissed on motion without evidentiary hearing on the ground that no constitutional issue was raised.

Defendant was at the time of conviction 24 years of age, married, with one nine-month-old daughter, but separated from his wife. He had a prior conviction for forgery and a record of emotional instability.

He had twice attempted suicide and once attempted to run over his wife in a fit of rage. His wife stated that the separations were at her request because of "marital difficulties and because my husband was having stomach difficulties that his physician could find no physical reason for, because of his excessive drinking" and his attempt to run her down in a fit of anger.

Defendant's amended petition states that he pleaded guilty, waiving all of his constitutional rights and waiving hearing on probation and on aggravation and mitigation, because he "was induced to plead guilty to the offense charged by being promised by the state's attorney of Macon

County that if he so pleaded guilty he would be given an opportunity to go home for a few days to see his infant daughter, that prior thereto, during his incarceration in the Macon County Jail, the defendant had been denied the opportunity to see his minor daughter, that pursuant to such promise and because of it, defendant (a) waived his right to be indicted by the Grand Jury, (b) waived his right to jury trial, and (c) entered his plea of guilty as charged; that as a consequence he was denied the right to trial by jury (Art. II, Sec. 5), the right to indictment by the Grand Jury (Art. II, Sec. 8), the right to appear and defend in person and by counsel, to meet the witnesses face to face, and to a speedy public trial (Art. II, Sec. 9 of Illinois Constitution). That defendant has a weak and submissive personality, is subject to periods of depression, and was particularly subject to yield to the pressure placed upon him to waive his constitutional right and plead guilty, as herein set forth."

Defendant's attorney, appointed for the post-conviction hearing, and different from the appointed trial attorney, does not contend that defendant was insane at the time of the offense nor at trial; nor that he was not competent to stand trial. His only contention now is that he was, from the time of his arrest at all times to the time of conviction and sentence "uniquely susceptible to a promise of immediate though temporary freedom; that such a promise was made to him by the prosecuting state's attorney for the specific purpose of inducing him to plead guilty and that such promise, trivial though it may seem to an ordinary man of normal mental health and temperament, was in fact the inducement that led to his plea of guilty."

The record does not disclose the actual negotiations between counsel, if any, nor any participation by the court. The record is very clear and complete, however, in showing a full admonition by the court of the consequences of the

plea of guilty, and, when the court asked the defendant if he were pleading guilty because he was in fact guilty, the defendant answered "yes."

The plea of guilty was taken on December 20, 1968, and sentence was deferred for 3 days to the 23rd, during which time defendant was released on his own recognizance and was with his wife and child as he requested.

Counsel for defendant cited a number of authorities to the effect that if a plea of guilty is induced by a promise of the court or prosecutor, whether direct or transmitted through the attorney of the defendant, offering preferential treatment, or offering to recommend such preferential treatment, *which promise is not kept,* there is a denial of due process and consequently constitutional rights. *People* v. *Evans,* 412 Ill. 616, 619-620; *People* v. *Wegner,* 40 Ill.2d 28, 30-31; *McKeag* v. *People,* 7 Ill.2d 586, 588; *People* v. *Washington,* 38 Ill.2d 446, 448; *People* v. *Moore,* 342 Ill. 316, 320; *Machibroda* v. *United States,* 368 U.S. 487, 7 L. Ed. 2d 473, 478, 82 S. Ct. 510; *Kercheval* v. *United States,* 274 U.S. 220, 223, 71 L. Ed. 1009, 1012, 47 S. Ct. 582.

Counsel for the defendant concedes, however, that he has been unable to cite an Illinois case, directly in point, holding that such a promise made to induce a plea of guilty, and which does, in fact induce a plea of guilty, is a denial of due process and of constitutional rights where the promise, in fact, is kept.

There is no dispute about the facts in this record and there is no reason for an evidentiary hearing.

We cannot find any violation of the defendant's constitutional rights under the circumstances of this case. We believe that where a promise is made as to sentence and that promise is kept the defendant has no complaint.

The judgment of the circuit court of Macon County is therefore affirmed.

*Judgment affirmed.*