THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH A. BARTHOLOMEW, Defendant-Appellant.

(No. 72-101;

Third District—January 29, 1973.

Steve Hurley, of Defender Project, of Ottawa, for appellant.

Thomas Sullivan, Assistant State's Attorney, of Lewistown, (James W. Jerz, of Illinois State's Attorney's Association, of counsel,) for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, Kenneth Bartholomew, pleaded guilty in the Circuit Court of Fulton County to the charge of theft and was sentenced to a term of from 3 to 7 years in the penitentiary.

On November 22, 1971, defendant was arraigned and was duly advised of his constitutional rights including his right of legal representation all of which rights he waived. Defendant persisted in his plea of guilty and on this appeal it is conceded that all of the requirements preceding the court's acceptance of his plea of guilty were duly and satisfactorily complied with. After the acceptance of his plea of guilty defendant requested probation. On November 23, 1971, the Probation Officer

filed his report recommending against probation and recommending imprisonment. The court again spoke to defendant about the appointment of counsel and at this juncture the defendant decided that he desired that counsel be appointed and the public defender was so appointed. On December 22, 1971, the public defender moved to have the guilty plea withdrawn and defendant rearraigned. This motion was denied. Probation was also denied and defendant was sentenced to 3 to 7 years in the penitentiary.

On this appeal defendant's only assignment of error is his claim the trial court erred in denying him leave to withdraw his plea of guilty and substitute therefore a plea of not guilty. As indicated earlier no claim is made of any inadequacies or deficiencies in the admonitions or advice of constitutional rights given to defendant prior to the acceptance of his plea of guilty. Thus no claim is made that he was entitled to the substitution of pleas as a matter of right.

■■ The principles applicable to the discretion of the trial court in refusing or granting permission to withdraw guilty pleas are discussed at length in *People v. McKirdie*, 45 Ill.2d 300, 259 N.E.2d 16; *People v. Walston*, 38 Ill.2d 39, 230 N.E.2d 233; *People v. Morreale*, 412 Ill. 528, 107 N.E.2d 721, and *People v. Cassiday*, 90 Ill.App.2d 132, 232 N.E.2d 795. We believe it unnecessary to restate those principles in this opinion believing it sufficient to observe that permission to withdraw a guilty plea should be granted if there be a showing of any misunderstanding, misapprehension or misrepresentation. In this connection it should be observed that the recently adopted rules of the Supreme Court requiring full disclosure of all of defendant's rights to him before his plea of guilty may be accepted as well as judicial recognition of plea bargaining and its associated safeguards have as their underlying motive the avoidance of misunderstanding or misrepresentation. By more fully disclosing defendant's right to him it is hoped and expected that the potential areas of dispute may be substantially reduced and the meaningfulness of the court's acceptance of a plea of guilty substantially increased.

■■ In *People v. McKirdie*, 45 Ill.2d 300, 259 N.E.2d 16, and *People v. Walston*, 38 Ill.2d 39, 230 N.E.2d 233, it was determined that the trial court may have abused its discretion in denying permission for the defendant to withdraw his guilty plea where the trial court unduly limited the defendant's efforts to justify his request. In this case at the time the public defender moved to withdraw the guilty plea he made some suggestion that perhaps the defendant may not have realized the effect of his confession. However such suggestion appears to be speculation without any supporting facts or without any request that anything else be considered by the court. Under these circumstances we find that nothing

was presented to the trial court from which it might be inferred that fairness or justice authorized a new plea and we find no error in the court's denial of defendant's request for substitution of plea.

For the foregoing reasons the judgment of the Circuit Court of Fulton County is affirmed.

Judgment affirmed.

ALLOY, P. J., and DIXON, J., concur.