THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICKEY JOE WRIGHT, Defendant-Appellant.

(No. 73-261; )

Fifth District—July 23, 1974.

August J. Keller, of Belleville, for appellant.

Douglas Marti, State's Attorney, of Greenville, for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant was charged by criminal complaint with the offense of burglary. On April 4, 1973, the defendant, represented by retained counsel, waived a preliminary hearing and a grand jury indictment, entered a plea of guilty, and requested probation. Defendant waived a presentence investigation, and a probation-sentencing hearing was commenced. After several witnesses were heard, the defense counsel recommended a sentence of probation for 2 or 3 years with the conditions that periodic imprisonment of 1 day per week for 6 months be imposed and restitution be made. The State's Attorney recommended a sentence of probation for 2 years with the same two conditions and with the additional condition that the defendant pay a $500 fine. Nothing was said during this hearing which indicated that plea negotiations had occurred.

The probation-sentencing hearing was continued on April 24, 1973, on which date the court on its own motion ordered a presentence report, and the hearing was continued until May 31, 1973. At that time the defendant's attorney filed a motion to withdraw a plea of guilty, based upon the allegations that plea negotiations had taken place and that the defendant pleaded guilty because he thought he would be placed on probation. This was the first time that there had been any indication to the court that the parties had engaged in plea negotiations. The State's Attorney and defendant's attorney agreed that the State's Attorney

had promised to recommend a sentence of a period of probation. Defendant's attorney concurred in that interpretation of the negotiations and did not allege that the State's Attorney had guaranteed that probation would be granted. The State's Attorney stated:

> "I am afraid, however, that I did not emphasize clearly enough to Mr. Classen that my recommendation would not be binding on the Court. * * * At no time did I tell Mr. Classen that my recommendation would be binding on the Court. On the other hand, in view of what has come up, now I wish I had emphasized the fact that it was only a recommendation and that the Court might not go along with it, which I did not do, and in view of that and in view of the fact that I think that my recommendation is the very thing that has induced this plea, I am not going to oppose this Motion in the interest of fairness and justice."

The court then denied the motion to withdraw the guilty plea, and sentenced defendant to a term of 3 to 9 years in the penitentiary.

■■ Defendant asserts that when a negotiated plea includes a promise by the State to recommend a sentence, the defendant must be permitted to withdraw his guilty plea if the court does not accept the State's recommendation. In *United States ex rel. Culbreath v. Rundle*, 466 F.2d 730 (1972), the United States Court of Appeals for the Third Circuit stated at page 735:

> "There is no absolute right to have a guilty plea accepted. However, if a judge ultimately determines that the interest of justice would not be served by accepting the Government's recommendation made pursuant to such agreement the defendant should be permitted to withdraw his guilty plea, particularly where, as here, there is no Government claim of prejudice or harm."

Illinois reviewing courts have not agreed, however, that a guilty plea may be withdrawn whenever the State's Attorney's recommended sentence was not accepted. It is well settled that a prosecutor's sentencing recommendation is not binding upon the court. (*People v. Baldridge*, 19 Ill.2d 616, 169 N.E.2d 353; *People v. Goodman*, 2 Ill.App.3d 584, 277 N.E.2d 136.) If a promise by the State's Attorney is kept, a guilty plea and resulting conviction are valid even though the promise had induced the plea. (*People v. Joynt*, 46 Ill.2d 321, 263 N.E.2d 46.) If a prosecutor fulfills a promise to recommend a certain sentence after a defendant pleads guilty, the plea is not rendered involuntary by the fact that the court imposes a more severe sentence. (*People v. Kessler*, 41 Ill.2d 501, 244 N.E.2d 142.)

However, the instant case must be reversed for another reason. Even if the only promise made by the State's Attorney was to recommend a

sentence and the defendant was never told that the promise was not binding on the court, it cannot be said that the defendant's guilty plea was truly knowing and voluntary.

The defense attorney informed the court that, even though the prosecutor's only promise was to recommend a sentence, he believed that the plea was binding upon the court. It is obvious from a reading of the entire record that the defense counsel was not accustomed to handling criminal cases in which the defendant pleaded guilty. The fact that counsel did not inform the judge at the guilty-plea proceeding that negotiations had taken place is an indication of his lack of expertise. It is also relevant that the State's Attorney did not oppose the motion to withdraw the guilty plea. He informed the court that, when negotiating the plea, he may have misled defense counsel by failing to state that his sentence recommendation would not be binding upon the court. Considering all these factors, it seems very probable that the defendant truly believed that he would necessarily receive the sentence recommended by the State.

■■ It is well established that a motion to withdraw a plea of guilty should be allowed upon a showing of misapprehension of the facts or of the law or of any misrepresentation by a person having apparent authority. (*People v. McKirdie*, 45 Ill.2d 300, 259 N.E.2d 16; *People v. Walston*, 38 Ill.2d 39, 230 N.E.2d 233; *People v. Morreale*, 412 Ill. 528, 107 N.E.2d 721; *People v. Bartholomew*, 9 Ill.App.3d 624, 292 N.E.2d 506; *People v. McNair*, 133 Ill.App.2d 832, 272 N.E.2d 286.) In *Walston* the defendant pleaded guilty and requested probation. At the sentencing hearing the prosecutor opposed probation and recommended a severe sentence. The defendant then moved to withdraw his guilty plea. The court denied the application for probation, sentenced the defendant to 3 to 10 years and set the motion to vacate the plea for a hearing at a later date. On that date the defendant submitted an affidavit alleging that he was innocent and that he pleaded guilty only because he thought he would be placed on probation. The public defender who had represented the defender at the guilty-plea proceeding sought to testify, but the court refused to hear the testimony, and the defendant's motion was dismissed. The Appellate Court for the First District affirmed this action. The Illinois Supreme Court reversed the decision and, quoting from *People v. Morreale*, 412 Ill. 528, 531-32, stated:

> "Permission to withdraw a plea of guilty and enter a plea of not guilty is a matter within the discretion of the court, yet it is a judicial discretion which should always be exercised in favor of innocence * * *. Where it appears that the plea of guilty was entered on a misapprehension of the facts or of the law, or

in consequence of misrepresentations by counsel or the State's Attorney or someone else in authority, * * * the court should permit the withdrawal of the plea of guilty and allow the accused to plead not guilty." 38 Ill.2d 39, 42.

We feel that under the above authorities the defendant in this case should have been permitted to withdraw his plea of guilty. Accordingly, we reverse and remand with directions to permit the defendant to withdraw his plea of guilty and plead anew.

Reversed and remanded, with directions.

EBERSPACHER and CREBS, JJ., concur.