THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID HUGHES, Defendant-Appellant.

Fourth District   No. 4—91—0157

Opinion filed October 4, 1991.

Adam Bourgeois, of Chicago, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant, David Hughes was charged with two counts of unlawful delivery of a controlled substance (cocaine), a Class 1 felony with a sentencing range of 4 to 15 years (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(b)(2)), one count of controlled substance trafficking (Ill. Rev. Stat. 1989, ch. 56½, par. 1401.1(a)), and one count of calculated criminal drug conspiracy, a Class X felony with a sentencing range of 6 to 30 years (Ill. Rev. Stat. 1989, ch. 56½, par. 1405(a)). Pursuant to a

negotiated plea agreement, defendant entered a guilty plea in Sangamon County circuit court to two counts of unlawful delivery of a controlled substance and one count of calculated criminal drug conspiracy. The State agreed to dismiss the most serious charge, controlled substance trafficking, for which defendant could have received a sentence of twice the minimum and up to twice the maximum term of imprisonment based on the amount of controlled substance, *i.e.*, 12 to 60 years. Defendant was sentenced to a term of nine years' imprisonment and a $4,000 fine.

Defendant later obtained new counsel and filed a motion to withdraw his guilty plea. Following a hearing, the circuit court denied defendant's motion. The court concluded defendant's plea was made knowingly, voluntarily, and without threats or coercion by defendant's trial counsel.

On appeal, defendant argues his guilty plea was involuntary and the trial court erred in denying his motion to withdraw his plea. We disagree and affirm.

Defendant contends his guilty plea was involuntary because it was induced when trial counsel misinformed him about the minimum sentence he could receive if convicted of all four charges, how much time he would actually serve, the potential for Federal charges being lodged against him, the type of facility where he would be incarcerated, and the strength of the State's evidence.

Defendant's claim more specifically raises whether defendant's plea should be withdrawn because he received ineffective assistance of counsel. (*McMann v. Richardson* (1970), 397 U.S. 759, 25 L. Ed. 2d 763, 90 S. Ct. 1441; *People v. Green* (1974), 21 Ill. App. 3d 1072, 1074, 316 N.E.2d 530, 532.) The decision to allow a defendant to withdraw a guilty plea rests with the trial court and will not be disturbed unless it appears defendant misunderstood the relevant facts or law when he entered the plea. *People v. Hillenbrand* (1988), 121 Ill. 2d 537, 545, 521 N.E.2d 900, 903.

A defendant voluntarily enters a guilty plea after advice from counsel if the advice falls within the range which an objectively reasonable, competent, criminal attorney would provide. (*Hill v. Lockhart* (1985), 474 U.S. 52, 56-57, 88 L. Ed. 2d 203, 208-09, 106 S. Ct. 366, 369.) Even if the advice is deficient, defendant must also show it is reasonably likely but for counsel's unprofessional advice, he would not have pleaded guilty, but would instead have proceeded to trial. *Hill*, 474 U.S. at 59, 88 L. Ed. 2d at 210, 106 S. Ct. at 370, citing *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052; *McMann*, 397 U.S. 759, 25 L. Ed. 2d 763, 90 S. Ct. 1441;

*Hillenbrand*, 121 Ill. 2d at 545, 521 N.E.2d at 903; *People v. Correa* (1985), 108 Ill. 2d 541, 553, 485 N.E.2d 307, 310-11.

■■ Counsel's actions did not fall below the level of competence required of criminal attorneys. Effective assistance of counsel means competent, not perfect, representation. (*Hillenbrand*, 121 Ill. 2d at 548, 521 N.E.2d at 904.) Counsel mailed defendant a letter in which he discussed the plea agreement negotiated by counsel and the State. In the letter, counsel explained if defendant was convicted on all four counts, he could serve a minimum sentence of 18 years and a maximum of 60 years. The minimum sentence defendant in fact could have served was 12 years if convicted of all four charges. Although counsel's estimate was not precise, it served to inform defendant he could serve significant time if convicted on all four charges.

Defendant also contends counsel's letter gave him the impression he would be incarcerated for the full 18-year minimum term if he was convicted of all charges. Although counsel did not explain day-for-day good-time credit, counsel's letter did inform defendant of the significant time he faced if convicted on all charges.

In addition, the fact counsel told defendant he would serve "approximately four years" on his nine-year, negotiated plea, when he would realistically serve 4½ years, considering good time, is not deficient advice which should allow defendant to withdraw his guilty plea.

Even if counsel's advice was deficient, the defendant must prove this deficiency prejudiced his decision to plead guilty. (*Hill*, 474 U.S. at 56-57, 88 L. Ed. 2d at 208-09, 106 S. Ct. at 369; *Hillenbrand*, 121 Ill. 2d at 557, 521 N.E.2d at 908.) Defendant has not established but for counsel's advice, he would not have pleaded guilty. The sentence imposed on defendant is less than the minimum sentence which he faced if he proceeded to trial and was convicted of all four charges. It is not reasonably probable if defendant knew he might serve six years, half the minimum sentence of 12 years if convicted on all four counts, he would have chosen this possible sentence over the 4½ years which he will serve considering day-for-day good time on the guaranteed nine-year sentence imposed.

In addition, defendant could not have relied on receiving only the minimum sentence if he had been convicted after trial. A substantial risk existed his sentence would exceed the minimum. The trial court expressed concern the sentence recommended, and ultimately imposed, was not severe enough. Defendant is not a youthful offender who transgressed only once. He is 51 years old and carried out drug activity over a period of time. The court clearly could have imposed a

sentence greater than the minimum had defendant been convicted after trial of all four charges.

Defendant also argues counsel wrongly assured him he would not face Federal charges and he would not serve his time in a maximum-security facility if he entered the plea agreement. Perhaps counsel was privy to this information. Even if not, the defendant again fails to show he would likely have chosen to proceed to trial on the four charges if he knew otherwise.

Defendant's final argument on ineffectiveness of counsel is counsel's recommendation to accept the plea agreement was premature because counsel had not thoroughly investigated his case. Defense counsel's letter stated although counsel investigated the evidence against defendant "from every angle," the State's case was strong. In addition, the record consists of numerous pretrial motions filed by defendant's counsel. Defendant was represented by the same attorney from April 1989 through January 1991. Defendant's dissatisfaction with his counsel's work comes too late. It is impossible to know whether additional information was available to dissuade defendant from entering the plea agreement. Counsel's actions are far from those which should permit defendant to withdraw his guilty plea.

Furthermore, if defendant was unsure about whether to plead guilty, he had ample opportunity to express his uncertainty to the circuit court during its admonitions. A defendant may be permitted to withdraw his guilty plea where he shows grave injustice occurred in the plea process. (See *People v. Christensen* (1990), 197 Ill. App. 3d 807, 811-12, 555 N.E.2d 422, 425.) The court was extremely cautious in assessing whether defendant understood the charges against him, the sentencing range for each offense to which he pleaded guilty, and the rights he waived by entering the plea agreement. Defendant assured the court he was entering the plea agreement absent any force, threat, or additional promises made beyond the plea agreement.

■ Defendant argues two Illinois rulings support his view that when a defendant misapprehends fact or law, he is entitled to withdraw a guilty plea. This principle is correct. The cases cited by defendant, however, are distinguishable. In each, defendant misapprehended the particular sentence which would be imposed against him upon entering the plea agreement. (*People v. Morreale* (1952), 412 Ill. 528, 531-34, 107 N.E.2d 721, 723-24; *People v. Davis* (1990), 204 Ill. App. 3d 836, 839, 562 N.E.2d 389, 390.) Contrary to these cases, defendant did not misapprehend the sentence to be imposed when he pleaded guilty. The circuit court correctly noted defendant clearly understood the sentence to be imposed was nine years. A nine-year sen-

tence was imposed. Defendant cannot now complain about a plea agreement which he knowingly and voluntarily entered.

The circuit court properly denied defendant's motion to withdraw his guilty plea. Accordingly, we affirm the conviction and sentence entered by the circuit court.

Affirmed.

LUND, P.J., and GREEN, J., concur.