NOTICE
Decision filed 11/16/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 200058-U

NO. 5-20-0058

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 11-CF-500 |
| | ) | |
| MATTHEW J. JONES, | ) | Honorable |
| | ) | Ralph R. Bloodworth III, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Justices Wharton and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court erred in denying a motion to withdraw a guilty plea when the defendant entered into a negotiated plea and the trial court failed to admonish the defendant that it was not bound by the sentencing cap proposed by the State.

¶ 2    The defendant, Matthew J. Jones (Jones), pled guilty to the offense of first degree murder. He appeals the denial of the motion to withdraw his guilty plea. For the following reasons, we reverse the judgment of the trial court and remand the for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4    This is the third appeal filed by Jones regarding the denial of a motion to withdraw his guilty plea. The procedural history is set forth in the two previous orders issued pursuant

1

to Illinois Supreme Court Rule 23 (eff. July 1, 2011). See *People v. Jones*, 2015 IL App (5th) 120516-U,[1] and *People v. Jones*, No. 5-15-0350 (2019) (unpublished summary order under Illinois Supreme Court Rule 23(c)).[2] Only those facts necessary to the disposition of this appeal are recited herein.

¶ 5    On September 14, 2011, the defendant, Matthew J. Jones (Jones), shot and killed 20-year-old Deaunta Spencer (Spencer). Jones was 18 years old at the time of the shooting. He had an eleventh-grade education and a sixth-grade reading level. On the morning of the shooting, Spencer and Jones got into an argument. During the argument, according to Jones, Spencer reached behind his back. Jones believed that Spencer was reaching for a gun. Prior to this incident, Jones claimed that Spencer had attempted to shoot at Jones. On another occasion, Jones claimed that Spencer attempted to run Jones over with a car.

¶ 6    Jones turned himself in to the police department after he shot Spencer. Jones told the detective that he later realized that Spencer was not armed, and Jones instead believed Spencer was reaching back to throw a punch. Jones was arrested and charged with three counts of first degree murder. 720 ILCS 5/9-1 (West 2010). The State later filed a notice

---

[1]Multiple attorneys have been appointed to represent Jones. Mark Costa (Costa) represented Jones for the entry of his guilty plea and for the first two motions to withdraw the guilty plea denied by the trial court. Jones appealed the denial of those motions on the first appeal. We remanded the cause due to Costa's failure to file a new certificate of compliance after filing his second motion to withdraw the guilty plea in accordance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2006). See *People v. Jones*, 2015 IL App (5th) 120516-U.

[2]After the first appeal, Celeste Hanlin (Hanlin) entered her appearance as counsel for Jones. On remand, Hanlin adopted Costa's motion to withdraw the guilty plea. The trial court denied Jones's motion and he filed a second appeal. Hanlin filed a certificate of compliance that failed to comply with Illinois Supreme Court Rule 604(d) (eff. Dec. 11, 2014). The cause was remanded after the State conceded that Hanlin's certificate of compliance was insufficient. *People v. Jones*, No. 5-15-0350 (2019) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

of intention to seek an enhanced sentence of 25 years due to the discharge of a firearm that proximately cause the death of another person. 730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2010).

¶ 7     The trial was set on May 21, 2012. On the day of trial, Jones, along with his mother, met with his attorney, Mark Costa, and discussed a guilty plea. Jones signed a one-page plea of guilty form that stated he entered a plea of guilty to: "(1st Amended Information) 1st Degree Murder." The form did not contain any information on the sentencing range associated with his plea. The form did have an option to indicate that a negotiated plea had been entered into by Jones, but the negotiated plea section was not marked.

¶ 8     During the May 21, 2012, hearing, Jones pled guilty. The State was represented by attorney Michael Wepsiec (Wepsiec) who stated that Jones was charged with first degree murder with a minimum sentence of 20 years and maximum sentence of 60 years, and a 3-year period of mandatory supervised release. The trial court asked Jones if he understood the charge stated by Wepsiec. Jones indicated that he understood. Costa next provided the trial court with the plea of guilty form that had been signed by Jones. Costa did not apprise the trial court of his negotiations with the State. The trial court asked Jones if he had read the form and understood what he had read. In response, Jones nodded. The court additionally stated, "You understand there won't be any trial by pleading guilty. There won't be any witnesses. There won't be any evidence. Do you understand that?" The court then asked Jones, "you are giving up your right to subpoena witnesses; that you are giving up the right to confront your accusers by pleading guilty, correct?" Jones indicated that he understood. The court asked if anyone had promised Jones anything to get him to plead guilty or if anyone had threatened him. Jones said "no." The court found that the plea was

3

entered into knowingly and voluntarily. The agreement to cap the plea was not conveyed to the trial court during the hearing.

¶ 9     The first motion to withdraw Jones's guilty plea was filed on June 20, 2012, a couple months prior to the sentencing hearing. Costa's motion stated that "the Defendant informed counsel that he felt pressured to plead guilty to the charge and that he did not understand the ramifications of his Plea of Guilty." On August 3, 2012, the motion to withdraw guilty plea and sentencing hearing was held. Costa stood on his written motion and stated that Jones, "just told me that he didn't explain exactly what the ramifications were of his guilty plea. He didn't understand. He told me that he had found out that he was going to take the guilty plea just a few days before that. He didn't really understand what was going on, and he was kind of in a state of shock." The court found no basis to withdraw the plea and denied the motion. The trial court then proceeded to hold a sentencing hearing, where Jones was sentenced to 35 years in prison.

¶ 10    On August 31, 2012, Costa filed a second motion to withdraw Jones's guilty plea and motion to reconsider his sentence. In the second motion to withdraw Jones's guilty plea, he alleged that his guilty plea was the result of negotiations in which the State agreed to cap its sentence recommendation at 32 years. Jones alleged he was "under the misapprehension that he could receive a sentence of no more than 32 years." In the motion to reconsider the sentence, Jones argued that the 35-year sentence was excessive. Jones asserted that he lacked a criminal history and the trial court erred when it considered the violent nature of the city where the crime occurred rather than the facts presented in the case. On October 5, 2012, the trial court denied both the motion to withdraw Jones's guilty

plea and motion to reconsider his sentence without holding a hearing. The first appeal followed. See *People v. Jones*, 2015 IL App (5th) 120516-U.

¶ 11    On November 19, 2019, Jones's new attorney, Baril, filed the third motion to withdraw Jones's guilty plea combined with a second motion to reconsider sentence. Jones argued in his motion to withdraw the guilty plea that the plea was not made knowingly and voluntarily since he believed his sentence would not exceed 25 years. Jones argued that he was not advised by counsel or admonished by the trial court, as required by Illinois Supreme Court Rule 402, that the trial court could enter a sentence that exceeded the sentencing cap. Ill. S. Ct. R. 402 (eff. July 1, 2012). Jones also raised an ineffective assistance of counsel claim wherein he alleged that he pled guilty because Costa did not properly advise Jones that the plea agreement was nonbinding and Costa improperly advised that Jones could face the death penalty. Jones further claimed that Costa's advice fell below an objective standard of reasonableness.

¶ 12    During the motion hearing on February 13, 2020, the State argued that Jones did not present objective evidence that he was under a misapprehension of the law. The State conceded that Jones was not admonished that the trial court was not bound by any agreement between the parties. The State argued, however, that there was only a discussion of sentencing caps, and there was no firm cap. It was the State's position that Jones agreed to an open plea.

¶ 13    The proceedings that have transpired since Jones pled guilty have all related to the terms of the plea. Testimony was taken from Jones, his mother, and Wepsiec. All three testified to the negotiations that occurred on May 21, 2012, prior to the trial court accepting

5

the guilty plea.[3] Costa did not testify.[4] Jones's testimony given during the February 13, 2020, hearing claimed that Costa discussed the guilty plea with Jones 30 minutes before the plea hearing in May 2012. According to Jones, Costa falsely stated that Jones was facing the death penalty or a life sentence if he refused the State's offer. Jones further testified during the February 13, 2020, hearing that the State had agreed to cap his sentence at 25 years. Jones's mother testified that she was present during the meeting between Jones and Costa and that Costa misrepresented the consequences of Jones's facing the death penalty or life in prison. She believed the sentence was capped at 30 years. Wepsiec testified that he agreed to drop the gun element from the murder charge so that the minimum sentence would be 20 years. He also agreed to cap his recommendation at 32 years. Wepsiec later decided to recommend 30 years after reviewing the presentence investigation report. The trial court denied Jones's third motion to vacate his guilty plea. The trial court did, however, reconsider the sentence and modified the sentence from 35 years to 30 years' imprisonment. This appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, Jones claims that the trial court abused its discretion in denying his motion to withdraw his guilty plea. He asserts that his motion should have been granted because his plea counsel misinformed him about the consequences of pleading guilty; the

---

[3]After the second remand, Christian Baril (Baril) was appointed to represent Jones. Baril filed and argued the most recent motion to vacate the guilty plea which was denied by the trial court after a hearing on February 13, 2020.

[4]Baril was unable to subpoena Costa for the hearing as Costa was suspended from practicing law in 2015 and his ARDC listing only had a post office box as an address.

trial court failed to substantially comply with Rule 402 in admonishing him; and, he had a defense worthy of consideration by a jury. Jones also claims that he was denied the effective assistance of counsel when advised to plead guilty, during the plea hearing itself, and in his efforts to withdraw his guilty plea.

¶ 16    The trial court's decision to deny a defendant's motion to withdraw guilty plea is reviewed for abuse of discretion. *People v. Chavez*, 2013 IL App (4th) 120259, ¶ 14. "An abuse of discretion will be found only where the court's ruling is arbitrary, fanciful, unreasonable, or no reasonable person would take the view adopted by the trial court." *People v. Delvillar*, 235 Ill. 2d 507, 519 (2009). Whether the trial court properly admonished the defendant is reviewed *de novo*. *Chavez*, 2013 IL App (4th) 120259, ¶ 14.

¶ 17    A defendant does not have an absolute right to withdraw his guilty plea. *People v. Hughes*, 2012 IL 112817, ¶ 32. Rather, manifest injustice under the facts involved must be shown by the defendant. *Delvillar*, 235 Ill. 2d at 520. In *People v. Davis*, the Illinois Supreme Court set out the bases for allowing the withdrawal of a guilty plea:

> "Where it appears that the plea of guilty was entered on a misapprehension of the facts or of the law, or in consequence of misrepresentations by counsel or the State's Attorney or someone else in authority, or the case is one where there is doubt of the guilt of the accused, or where the accused has a defense worthy of consideration by a jury, or where the ends of justice will be better served by submitting the case to a jury the court should permit the withdrawal of the plea of guilty and allow the accused to plead not guilty." *People v. Davis*, 145 Ill. 2d 240, 244 (1991) (quoting *People v. Morreale*, 412 Ill. 528, 531-32 (1952)).

Jones argued that he satisfied all of the bases described in *Davis*, even though any one basis was sufficient to warrant granting his motion to withdraw. *Davis*, 145 Ill. 2d at 244.

¶ 18    In determining whether the plea of guilty was entered on a misapprehension of the facts or of the law, we note that the parties did not agree on the type of plea entered into by Jones. Jones argued that he entered into a negotiated plea of guilty after the State agreed to recommend a sentencing cap. The State, on the other hand, argued that Jones entered into an open plea. In *People v. Lumzy*, the Illinois Supreme Court discussed four different types of plea scenarios. *People v. Lumzy*, 191 Ill. 2d 182, 185 (2000). A defendant may enter an open plea without any inducement from the State, and both the State and defendant may argue for any sentence permitted by law; the defendant may enter into a fully negotiated plea in which the defendant agrees to plead guilty to a specific sentencing recommendation by the State; a defendant may enter into a capped plea agreement under which the State recommends a sentence not to exceed an agreed-upon cap; or a defendant may enter into an agreement where the State agrees to drop certain charges against the defendant in exchange for a plea of guilty to another charge. *Lumzy*, 191 Ill. 2d at 185-87.

¶ 19    Jones claims that his plea was not only in exchange for a recommended cap, but the State also agreed to refrain from seeking an enhanced sentence pursuant to section 5-8-1(a)(1)(d)(iii) of the Unified Code of Corrections (730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2010)). In *People v. Linder*, similar to the case *sub judice*, the defendant agreed to plead guilty in exchange for the State's dismissal of certain charges and recommendation of a cap on sentencing. *People v. Linder*, 186 Ill. 2d 67, 74 (1999). The plea in *Linder* was considered a negotiated plea as opposed to an open plea. *Linder*, 186 Ill. 2d at 74. The testimony from Wepsiec, Jones, and Jones's mother all indicated that the State offered to recommend a sentencing cap. Jones alleges he believed the maximum sentence he could

8

receive was 25 years. Wepsiec testified that he agreed to cap the recommendation at 32 years but decided thereafter to recommend a maximum of 30 years. The State also amended the information from three counts of first degree murder to one count and removed the notice of intent to seek an enhanced sentence pursuant to section 5-8-1(a)(1)(d)(iii) of the Unified Code of Corrections. Accordingly, the plea agreement was a negotiated, capped plea agreement, not an open plea.

¶ 20　Illinois Supreme Court Rule 402 was adopted to ensure that a plea of guilty was voluntary and intelligent before being accepted. *People v. Kidd*, 129 Ill. 2d 432, 443 (1989); Ill. S. Ct. R. 402 (eff. July 1, 2012). The negotiated plea agreement triggered the express requirements of Rule 402(b) and Rule 402(d). According to Rule 402(b):

> "The court shall not accept a plea of guilty without first determining that the plea is voluntary. If the tendered plea is the result of a plea agreement, the agreement shall be stated in open court. The court, by questioning the defendant personally in open court, shall confirm the terms of the plea agreement, or that there is no agreement, and shall determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea." Ill. S. Ct. R. 402(b) (eff. July 1, 2012).

According to Rule 402(d)(3):

> "If the parties have not sought or the trial judge has declined to give his or her concurrence or conditional concurrence to a plea agreement, the judge shall inform the defendant in open court at the time the agreement is stated as required by paragraph (b) of this rule that the court is not bound by the plea agreement, and that if the defendant persists in his or her plea the disposition may be different from that contemplated by the plea agreement." Ill. S. Ct. R. 402(d)(3) (eff. July 1, 2012).

¶ 21　Before the trial court accepted the plea agreement between Jones and the State, it was required to admonish Jones that the court was not bound by the terms of the plea agreement and that if he persisted in his plea, the disposition may be different from that

9

contemplated by the plea agreement. *People v. Collier*, 376 Ill. App. 3d 1107, 1111 (2007). Neither Costa nor the State advised the court of the terms of the plea agreement, and Jones was not advised that the trial court was not bound to the terms of this agreement. Such notice to the trial court would have triggered the admonitions required by Rule 402(b) and Rule 402(d)(3).

¶ 22　Inadequate admonishments, however, do not automatically require reversal. "With regard to inadequate admonishments, the failure to properly admonish a defendant, standing alone, does not automatically establish grounds for reversing the judgment or vacating the plea." *Delvillar*, 235 Ill. 2d at 520. "Rather, a reviewing court focuses on whether the guilty plea was affirmatively shown to have been made voluntarily and intelligently." *Delvillar*, 235 Ill. 2d at 520. Jones argued that his guilty plea was not made voluntarily or intelligently. Jones testified that Costa never explained that the trial court could sentence Jones to a greater number of years than the amount of the cap offered by the State. Jones testified that he had a sixth-grade reading level and did not comprehend the form he signed. Jones relied on Costa's advice. Costa did not testify regarding his advice to Jones, although Costa's second motion to withdraw the guilty plea acknowledged that Jones was under the misapprehension that he could receive a sentence of no more than 32 years. The State and Costa failed to inform the trial court that the negotiations included a sentencing recommendation.

¶ 23　In *People v. Willis*, the trial court committed error after it failed to inform the defendant that the court was not bound by the State's sentencing recommendation pursuant to the plea agreement. *People v. Willis*, 39 Ill. App. 3d 288 (1976). In *People v. Wright*, the

10

trial court was not informed that plea negotiations had occurred even though the State had promised to recommend a sentence. *People v. Wright*, 21 Ill. App. 3d 301, 302-03 (1974). In *Wright*, the defendant's guilty plea was not knowing and voluntary where the defendant was never informed that the State's promise to recommend a sentence was not binding on the court. *Wright*, 21 Ill. App. 3d at 303-04. In this case, as a result of mischaracterizing the plea as an open plea agreement, the trial court did not properly admonish Jones pursuant to Rule 402(b) or Rule 402(d)(3). Jones was not informed by the trial court that it was not bound by the State's promise of a recommended cap on the imposition of the court's sentence. Consequently, Jones did not voluntarily and intelligently enter into the plea agreement and the trial court erred when it failed to allow Jones to withdraw his guilty plea.

¶ 24    Because we find that the trial court did not properly admonish Jones pursuant to Rule 402, Jones's plea was not voluntarily and knowingly entered into; therefore, we need not consider Jones's additional arguments.

¶ 25                                    III. CONCLUSION

¶ 26    For the reasons stated, we reverse the order denying defendant's motion to withdraw his plea of guilty and remand the cause for further proceedings consistent with this order.


¶ 27    Reversed and remanded.

11