NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241557-U

NO. 4-24-1557

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 5, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Ford County |
| SALVADOR R. MEJIA, | ) | No. 08CF47 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Stephen R. Pacey, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Steigmann and Knecht concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed, finding it must assume the trial court knew and
             followed the law where defendant failed to present a sufficient appellate record to
             demonstrate the court did not admonish him of the potential immigration
             consequences of his guilty plea before accepting his plea and defendant's claim, if
             true, would not warrant reversal because the allegedly imperfect admonishment
             would not render defendant's plea involuntary.

¶ 2       In August 2008, defendant, Salvador R. Mejia, pleaded guilty to unlawful

possession of a controlled substance (720 ILCS 570/402(c) (West 2008)). In September 2024,

Ramon S. Gallardo Uranga, an individual alleged to be Mejia, moved to withdraw his guilty plea

and sought to have the judgment against him vacated, alleging the plea was not voluntary

because the trial court failed to admonish him properly pursuant to Illinois Supreme Court Rule

402 (eff. July 1, 1997). The court denied the motion as untimely. Defendant appeals, arguing

(1) his motion was not untimely because it pertained to the consequences of his plea under

federal immigration law and (2) his plea was not voluntary because he was not admonished regarding his potential immigration consequences. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4              On May 6, 2008, the State charged defendant with unlawful possession of a controlled substance with intent to deliver (count I) (720 ILCS 570/401(c)(2) (West 2008)), unlawful possession of a controlled substance (count II) (720 ILCS 570/402(c) (West 2008)), and unlawful possession of cannabis (count III) (720 ILCS 550/4(a) (West 2008)) in Ford County case No. 08-CF-47. On August 19, 2008, defendant pleaded guilty to count II, the State dismissed the remaining charges, and he was sentenced to first offender probation pursuant to section 410 of the Illinois Controlled Substances Act (720 ILCS 570/410 (West 2008)). The record does not contain a transcript of the plea hearing, but the record sheet indicates defendant waived his right to counsel and appeared *pro se*. Defendant's sister-in-law, whom the record sheet identifies as "E Huaracha," translated for him during the hearing. The trial court admonished defendant regarding the nature of the charges against him, the potential sentences he faced, his right to plead not guilty, and his rights to counsel, a jury or bench trial, and confront witnesses against him. The State showed a factual basis supporting the plea, and the court accepted the plea as voluntary. The court advised defendant of his appellate rights and provided defendant with admonishments written in Spanish.

¶ 5              On September 5, 2024, Uranga, a person alleged to be defendant, through counsel filed "Defendant's Motion to Withdraw Plea of Guilty and Vacate Judgment Pursuant to 735 ILCS 5/2-1401," alleging the trial court "failed to fully admonish him at the time of his plea, in violation of Illinois Supreme Court [Rule] 402." The motion alleged "Ramon S. Gallardo Uranga" was defendant's "true name" and defendant's plea was not voluntary because the court

did not inform him that his guilty plea could affect his immigration status, and thus the court did not " 'spell out' " the plea's maximum penalty.

¶ 6        The motion acknowledged section 2-1401 of the Code of Civil Procedure (Civil Code) requires such filings to be made within two years of the challenged judgment, except in instances where the individual seeking relief experienced legal disability or duress or the ground for relief was fraudulently concealed. See 735 ILCS 5/2-1401(c) (West 2024). The motion conceded defendant did not file his motion within two years of his plea but insisted he "was never admonished by the trial court that his guilty plea could affect his ability to apply for immigration status and thus had no way of knowing that any motion needed to be filed." The motion alleged  he "discovered on or about February 23, 2023, that his guilty plea affected his ability to apply for immigration status" and he "exercised due diligence in bringing forth this Petition to Vacate and Set Aside the Judgment."

¶ 7        Defense counsel attached two affidavits to the motion, one entitled "AFFIDAVIT OF Ramon S Gallardo Uranga," which was signed by Uranga, and the other entitled "Affidavit of Estefania Roa," which was signed by Roa. Both affidavits were captioned to the "Circuit Court of Cook County, *** First Municipal Division." Uranga's affidavit averred, *inter alia*, he was the defendant in "the above-captioned matter," which was Cook County case No. 08-CF-47, he was told his probation sentence "would not affect [his] record," and "the trial court never told [him] that if [he] plead [*sic*] guilty that the conviction could affect [his] immigration status." Roa's affidavit averred she "helped to translate conversations between Defendant, Ramon S Gallardo Uranga, and his attorney" and "[w]hile [she] was inside the Courtroom during Mr. Uranga's plea, [she] was not translating to Mr. Uranga what was being said by the Judge or Attorney's [*sic*] in real time." Roa's affidavit did not identify Uranga as Mejia, nor did it claim

- 3 -

she was the "E Huaracha" identified by the record sheet as Mejia's sister-in-law. Both affidavits were captioned for a Cook County case entitled "People of the State of Illinois v. Ramon S Gallardo Uranga." Neither affidavit claimed Uranga and defendant Meija were the same person, nor did the affidavits reference any Ford County circuit court proceedings.

¶ 8        On November 4, 2024, the trial court conducted a hearing on Uranga's motion. Neither the parties nor the court addressed the name discrepancy. Instead, the parties and the court referred to the movant as either "defendant" or "Mejia." At no point did defense counsel clarify that the person identified as Mejia was, in fact, Uranga.

¶ 9        During the hearing, defense counsel argued Uranga would not have pleaded guilty had he known his plea would affect his efforts to become a naturalized citizen, and therefore his guilty plea was not voluntary and should be vacated. Counsel noted section 113-8 of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/113-8 (West 2008)) required trial courts to admonish a noncitizen defendant of his plea's potential immigration consequences. Counsel claimed the motion was not untimely because Uranga was asserting "a violation of the Constitution of the United States" and exercised diligence in filing his motion upon discovering the consequences of his plea, saying:

> "Judge, we acknowledge that we are coming to you after two years, we understand that.
>
> But, again, Judge, the constitution, there is no limit in regards to the constitutional violation. We can come to this Court after 10 years, 20 years after the constitution had been violated, and I believe that two-year limitation should not be looked at because, one, [defendant] realized it back in 2023, and we are in front of you within that two years of discovery, Judge.

- 4 -

So I believe that this Court should take the superior power of equity, Judge, and take a look at this case."

The trial court found the motion was untimely and no exception to the two-year filing deadline applied.

¶ 10         This appeal followed.

¶ 11                              II. ANALYSIS

¶ 12         On appeal, defendant argues his motion was not untimely under section 2-1401(c-5) (735 ILCS 5/2-1401(c-5) (West 2024)) because it concerned his guilty plea's potential consequences under federal immigration law and his plea was not voluntary because he was not fully admonished pursuant to Rule 402 when the trial court did not advise him of the potential immigration consequences he faced. The State asserts his timeliness argument under section 2-1401(c-5) is forfeited because he raises it for the first time on appeal and, forfeiture aside, no reversible error occurred during the plea hearing because immigration consequences are collateral consequences. We affirm.

¶ 13                         A. Appellant's Identity

¶ 14         Before addressing the parties' arguments, we note the record is ambiguous as to whether Uranga and Mejia, the named defendant who pleaded guilty in Ford County case No. 08-CF-47, are the same person. The motion to withdraw the guilty plea asserts Mejia's "true name" is Ramon S. Gallardo Uranga, but Uranga's affidavit avers he is the defendant in Cook County case No. 08-CF-47, not Ford County case No. 08-CF-47. His affidavit generally asserts "all the facts contained in the Motion is [*sic*] true to the best of my knowledge," but he does not state, under oath, he is the same person as Mejia. Indeed, neither Uranga nor defense counsel claim, under oath, that "Ramon S. Gallardo Uranga" is Mejia's real name. The person appearing

before the trial court during the motion hearing was neither affirmatively identified nor asked to identify himself. The supporting affidavit by Estefania Roa is also captioned for the Cook County circuit court, and it claims she acted as an unofficial translator for Uranga in an unidentified proceeding in an unidentified court. Her affidavit does not claim she was the "E Huaracha" identified in the court's docket here as the translator present at Mejia's plea. Her affidavit is also devoid of any assertion, under oath, that Uranga and Mejia are the same person. Moreover, neither affidavit references any proceedings in Ford County.

¶ 15        An appellant bears the burden of presenting a sufficiently complete record of the proceedings below to support his claim—absent a sufficient record, we presume the trial court acted in conformity with the law and resolve any doubts arising from the record's incompleteness against the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). The record before us indicates the trial court either assumed Uranga was Mejia or it did not see the discrepancies in the pleadings. Defendant's counsel said nothing about Meija being the same person as Uranga. The State did not raise this identification issue during the motion hearing, nor does it do so now on appeal. Because we presume the court acted properly absent evidence to the contrary, we accept the court's tacit finding that Uranga and Mejia were the same person and reach the merits of defendant's appeal.

¶ 16                                    B. Timeliness

¶ 17        Defendant filed his motion under section 2-1401(a) of the Civil Code, which allows for relief from final judgments more than 30 days after their entry. See 735 ILCS 5/2-1401(a) (West 2024). Such a motion "must be filed not later than 2 years after the entry of the order or judgment," unless "the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed." 735 ILCS 5/2-1401(c) (West 2024). Defendant filed

- 6 -

his motion on September 5, 2024, more than 16 years after he pleaded guilty on August 19, 2008. Thus, to be considered, defendant's motion must fall under an exception to the two-year time limit. See 735 ILCS 5/2-1401(c) (West 2024).

¶ 18 During the motion hearing, defense counsel argued section 2-1401's two-year limitation "should not be looked at" because defendant was raising a constitutional issue. However, our supreme court has found that "[d]ue process does not require that the defendant be informed of the collateral consequences of a guilty plea." *People v. Delvillar*, 235 Ill. 2d 507, 520-21 (2009). "Immigration consequences are collateral consequences." *Delvillar*, 235 Ill. 2d at 521. "[T]he failure to admonish a defendant of potential immigration consequences does not affect the voluntariness of the plea." *Delvillar*, 235 Ill. 2d at 521. Rather, as defense counsel properly observed during the motion hearing, it is section 113-8 of the Procedure Code that requires a trial court to admonish a noncitizen defendant of his guilty plea's potential immigration consequences. See 725 ILCS 5/113-8 (West 2008). Accordingly, defendant's voluntariness argument is statutory, not constitutional. As such, it is not exempt from section 2-1401's two-year time limit by the virtue of being a constitutional claim.

¶ 19 Alternatively, defendant argues, for the first time on appeal, he may present his section 2-1401 challenge 16 years after his guilty plea, citing section 2-1401(c-5), which states, "Any individual may at any time file a petition and institute proceedings under this Section if his or her final order or judgment, which was entered based on a plea of guilty ***, has potential consequences under federal immigration law." 735 ILCS 5/2-1401(c-5) (West 2024). Section 2-1401(c-5) was added via Public Act 102-639, § 15, and became effective on August 27, 2021. Thus, section 2-1401(c-5) was in effect when defendant filed his motion, and it applied to defendant, who claims he faces federal immigration consequences resulting from his guilty plea.

See, *e.g.*, 8 U.S.C. § 1182(a)(2)(A)(i)(II) (2018); 8 U.S.C. § 1227(a)(2)(B)(i) (2018).

¶ 20   The State argues defendant forfeited his section 2-1401(c-5) argument because he raises it for the first time on appeal. "Issues not raised in the trial court are forfeited and may not be raised on appeal." *In re Marriage of Kasprzyk*, 2019 IL App (4th) 170838, ¶ 40. However, "the principles of waiver and forfeiture are binding on the parties but do not limit this court's jurisdiction." *Maniez v. Citibank, F.S.B.*, 404 Ill. App. 3d 941, 948 (2010). We find it appropriate to address the merits of defendant's voluntariness argument, and, therefore, we decline to find defendant's section 2-1401(c-5) argument forfeited. See *Illinois State Chamber of Commerce v. Filan*, 216 Ill. 2d 653, 664 (2005) ("A reviewing court may, in furtherance of its responsibility to provide a just result and to maintain a sound and uniform body of precedent, override considerations of waiver.").

¶ 21   Although defendant allegedly faces federal immigration consequences, he has not identified what they are, whether he is currently involved in the naturalization process, or if he is eligible for it. The vagueness of the claim before us, coupled with the numerous issues surrounding the motion and affidavits themselves, causes us concern. However, because defendant claims to face federal immigration consequences arising from his guilty plea, we will err on the side of defendant and find section 2-1401(c-5) permits him to file his motion "at any time." See 735 ILCS 5/2-1401(c-5) (West 2024). We now turn to defendant's voluntariness argument.

¶ 22            C. Voluntariness

¶ 23   Defendant does not enjoy "an automatic right" to withdraw a guilty plea—he must show "a manifest injustice under the facts involved" to do so. *Delvillar*, 235 Ill. 2d at 520. A trial court's decision to grant or deny a motion to withdraw a guilty plea "will not be disturbed

unless the plea was entered through a misapprehension of the facts or of the law," which the defendant bears the burden of showing. *Delvillar*, 235 Ill. 2d at 520. We review such a decision for an abuse of discretion. *People v. Walston*, 38 Ill. 2d 39, 42 (1967). An abuse of discretion occurs when the court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would reach the same conclusion. *People v. Hall*, 195 Ill. 2d 1, 20 (2000). A reviewing court "may affirm the trial court for any reason or ground appearing in the record regardless of whether the particular reasons given by the trial court, or its specific reasons, are correct or sound." (Internal quotation marks omitted.) *Akemann v. Quinn*, 2014 IL App (4th) 130867, ¶ 21.

¶ 24        Illinois Supreme Court Rule 402(a)-(b) (eff. July 1, 1997) requires a trial court, before accepting a guilty plea, to (1) advise a defendant of (a) the nature of the charge, (b) the minimum and maximum sentence accompanying the charge, (c) the defendant's right to plead not guilty, and (d) the defendant's rights to a trial and to confront witnesses against him and (2)  determine whether the defendant is entering the plea voluntarily. Defendant argues the trial court failed to comply with Rule 402, but the record indicates otherwise. Specifically, the record sheet contains the following entry pertaining to the plea hearing: "Plea of guilty tendered to Count two. Court admonishes Defendant regarding: nature of charge(s) and punishment, right to plead not guilty, waiver of counsel, waiver of jury trial and bench trial/confront witnesses. Plea found voluntary. Factual basis shown. Plea accepted. *** Defendant admonished regarding appeal rights. Written Spanish." Based on the record before us, we find the court complied with Rule 402 by providing the requisite admonishments and ascertaining the plea's voluntariness before accepting it. See Ill. S. Ct. R. 402(a), (b) (eff. July 1, 1997).

¶ 25        Defendant contends the trial court erred in finding his plea was voluntary because he was not advised of the potential immigration consequences, and, therefore, he should have

been permitted to withdraw his plea. According to section 113-8(a) of the Procedure Code, a court shall advise a defendant of the following before accepting his guilty plea: " 'If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization under the laws of the United States.' " 725 ILCS 5/113-8(a) (West 2008). Based on the record, we cannot confirm defendant's assertion regarding the trial court's purportedly incomplete admonishments because we do not have a transcript of the plea hearing. We reiterate, without a sufficiently complete record, we presume the court acted in conformity with the law, "[and a]ny doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch*, 99 Ill. 2d at 391-92. Because defendant failed to include the plea hearing's transcript in the record, we do not know whether the court admonished defendant in accordance with section 113-8. We must resolve this doubt against defendant and find the court properly admonished defendant before accepting his plea as voluntary. See *Foutch*, 99 Ill. 2d at 391-92; 725 ILCS 5/113-8 (West 2008).

¶ 26        Even if the trial court did not admonish defendant regarding the potential immigration consequences, reversal would not be warranted. Our supreme court has found "the failure to properly admonish a defendant, standing alone, does not automatically establish grounds for reversing the judgment or vacating the plea." *Delvillar*, 235 Ill. 2d at 520; see *People v. Guzman*, 2015 IL 118749, ¶ 22 ("[O]ur appellate court has consistently continued to view immigration consequences as merely collateral."). "[T]he defendant's knowledge of the collateral consequences of a guilty plea is not a prerequisite to the entry of a knowing and intelligent guilty plea." *People v. Williams*, 188 Ill. 2d 365, 371 (1999). Here, the trial court's purportedly incomplete admonishments would not render defendant's plea involuntary because

"the failure to admonish a defendant of potential immigration consequences does not affect the voluntariness of the plea." *Delvillar*, 235 Ill. 2d at 521.

¶ 27　　　　Defendant insists *Delvillar* is distinguishable because the defendant there represented he was a United States citizen when he was not, whereas defendant here made no such representation. *Delvillar*, 235 Ill. 2d at 511. This distinction does not impact our supreme court's findings that immigration consequences are collateral consequences and due process does not require a trial court to inform a defendant of collateral consequences. See *Delvillar*, 235 Ill. 2d at 520-21. Thus, because immigration consequences are collateral, the trial court's alleged failure to provide admonishments concerning them would not impact the plea's voluntariness. See *Delvillar*, 235 Ill. 2d at 521.

¶ 28　　　　The record on appeal indicates the trial court below found defendant's guilty plea voluntary after admonishing defendant regarding the nature of the charges against him, the potential sentences he faced, his right to plead not guilty, and his rights to counsel, a jury trial, and confront witnesses against him. The court satisfied Rule 402's requirements during the plea hearing, and defendant was not denied due process when it accepted his plea as voluntary. See Ill. S. Ct. R. 402(a), (b) (eff. July 1, 1997). The record is insufficient to determine whether the court admonished defendant pursuant to section 113-8, and when faced with such doubts, we presume the court acted in accordance with the law. See *Foutch*, 99 Ill. 2d at 391-92. Accordingly, we find the court did not abuse its discretion in denying defendant's motion to withdraw his plea and to vacate the judgment against him. See *Hall*, 195 Ill. 2d at 20.

¶ 29　　　　As a final note, when we are asked to consider something as significant as a motion to withdraw a guilty plea, we expect both the trial court and counsel to make a record sufficient to afford any reviewing court the comfort of knowing the party seeking to withdraw

his plea is the same person who entered it.

¶ 30                                III. CONCLUSION

¶ 31            For the foregoing reasons, we affirm the trial court's judgment.

¶ 32            Affirmed.